UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAVAR BURKS,

                          Plaintiff,

            v.                                     1:22-CV-899
                                                                   (BKS/DJS)

CAPITAL DISTRICT TRANSPORTATION, *et al.*,

                          Defendants.
_____

**APPEARANCES:**

JAVAR BURKS
Plaintiff, *Pro Se*
Troy, New York 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      Plaintiff filed this Title VII action alleging discrimination based on race and ethnicity. Dkt. No. 1, Compl. The Complaint alleges unequal terms and conditions of employment and retaliation. *Id.* at p. 2. He seeks compensatory and punitive damages. *Id.* at p. 4. Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, which the Court has granted.

# I. SUFFICIENCY OF THE COMPLAINT

## A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Analysis of the Complaint

"A plaintiff asserting a Title VII discrimination claim must allege facts showing that '(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision,' which can

- 3 -

be shown 'by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.'" *Jackson v. Roe*, 2016 WL 3512178, at *3 (E.D.N.Y. June 22, 2016) (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86-87 (2d Cir. 2015)). Courts have been careful to note that "conclusory allegations [are] insufficient to support a Title VII claim." *DuBois v. State of N.Y.*, 966 F. Supp. 144, 147 (N.D.N.Y. 1997); *Lore v. City of Syracuse*, 583 F. Supp. 2d 345, 365 (N.D.N.Y. 2008).

The Complaint contains factual allegations regarding Plaintiff's termination from a position as a bus driver for the Capital District Transportation Authority. Compl. at pp. 3-4. While Plaintiff may ultimately be able to allege facts that would permit this action to proceed, the Court recommends that the Complaint be dismissed with leave to amend for two reasons.

First, although Plaintiff alleges he filed a charge with the Equal Employment Opportunity Commission and received a Right to Sue Letter, that letter is not attached to the Complaint. *See* Compl. at p. 4. That failure warrants dismissal. *Troise v. SUNY Cortland NY*, 2018 WL 3738944, at *2 (N.D.N.Y. Aug. 7, 2018) ("A Title VII plaintiff must include his or her Right-to-Sue letter with his complaint"); *see also Pearson v. Renaissance Hotel Albany*, 2017 WL 8751935, at *2 (N.D.N.Y. Nov. 15, 2017), *report and recommendation adopted*, 2018 WL 1631306 (N.D.N.Y. Apr. 2, 2018).

Second, Plaintiff has not plainly alleged discrimination because he is a member of a protected class under Title VII. The Complaint alleges that Plaintiff was terminated, but specifically alleges that it was the result of a bus accident and his "poor driving skills." Compl. at p. 3. He does allege that another employee was given special privileges, but the Complaint does not explain how doing so resulted in discrimination against him. While Plaintiff also alleges that he received inadequate training, the Complaint does not tie that to any alleged discrimination. *Id.* at p. 4. Nor does the Complaint identify the retaliation Plaintiff alleged he suffered. *See generally id.* Given the need to make more than conclusory allegations, *DuBois v. State of N.Y.*, 966 F. Supp. at 147, the Complaint as presently pled is thus insufficient.

"[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). Because more specific pleading could establish that Plaintiff sufficiently alleges a claim requiring a response, the Court recommends dismissal without prejudice.

The Court advises Plaintiff that should he be permitted to amend his Complaint, any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace**

**in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of his prior Complaint shall be incorporated into his amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendants violated a law, he should specifically refer to such law.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 7, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).